**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 13 |
| DENNIS A. KLEIN | ) | |
| DONNA M. KLEIN, | ) | |
| | ) | |
| | ) | Case No. 13-04673 |
| Debtors | ) | |
| | ) | |
| | ) | Honorable Judge Timothy A. Barnes |

_____

**NOTICE OF MOTION**

TO:   Marilyn O. Marshall, Chapter 13 Trustee (via ECF)
      Wells Fargo Bank, N.A. c/o Freedman, Anselmo, Oliver (via ECF)
      Wells Fargo Bank, N.A., ATTN: John G. Stumpf, President, 420 Montgomery Street, San
      Francisco, California 94132 (via Certified Mail)

      PLEASE TAKE NOTICE that on April 20, 2015 at 9:30 AM, the undersigned will appear before
the Honorable Timothy A. Barnes at the Dirksen Federal Courthouse, Courtroom 613, located at 219 S.
Dearborn, Chicago, Illinois and will then and there present the attached **Debtors' Motion Pursuant to 11
U.S.C. §524 Seeking Damages From Wells Fargo Bank, N.A. for Violations of the Discharge
Injunction**, at which time you may appear if you so choose.


**Certificate of Service**

I, Mohammed O. Badwan, hereby certify that I caused a copy of this notice to be served, via Certified
Mail to Well Fargo Bank, N.A., ATTN: John G. Stumpf, and electronically through ECF to Marilyn O.
Marshall (Chapter 13 Trustee) and Wells Fargo Bank, N.A. c/o Freedman, Anselmo, Oliver, and attached
the above reference motion upon the above parties on April 6, 2015 before the hour of 5:00 p.m. from the
office located at 900 Jorie Blvd., Ste 150, Oak Brook, IL 60523.


                                         **By: /S/ Mohammed O. Badwan**
                                         **Sulaiman Law Group, Ltd.**
                                         *Counsel for Debtors*
                                         900 Jorie Blvd., Suite 150
                                         Oak Brook, Illinois 60523
                                         Phone: (630) 575-8181
                                         Fax: (630) 575-8188
                                         Attorney Number 6299011

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In Re:<br><br>Dennis A. Klein,<br>Donna M. Klein,<br><br>           Debtors | NO. 13-04673<br><br>Chapter 13<br><br>Honorable Judge Timothy A. Barnes |

**DEBTORS' MOTION PURSUANT TO 11 U.S.C. § 524 SEEKING DAMAGES FROM WELLS FARGO BANK, N.A. FOR VIOLATIONS OF THE DISCHARGE INJUNCTION**

**NOW COME** Dennis and Donna Klein ("Debtors"), by and through their attorneys, SULAIMAN LAW GROUP, LTD., bringing this Motion Pursuant to 11 U.S.C. § 524 Seeking Damages from WELLS FARGO BANK, N.A. for Violations of the Discharge Injunction, and in support thereof, stating as follows:

**JURISDICTION AND VENUE**

1.   The Court has subject matter jurisdiction over this proceeding pursuant to 11 U.S.C. §§ 105,  524, and 28 U.S.C. §§ 157 and 1334. This proceeding arises out of and is related to the above-captioned Chapter 13 case under Title 11.

2.   This a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) & (2).

3.   Venue lies in this District pursuant to 28 U.S.C. §§ 1391(b), 1408, and 1409 whereby Wells Fargo's post-discharge communications and actions toward the Debtors for the collection of debt occurred in this District.

## PARTIES

4.   Dennis and Donna Klein were Debtors under Chapter 13 of Title 11 of the United States Code in Case Number 13-04673 filed February 7, 2013, in the Northern District of Illinois.

5.   Wells Fargo Bank, N.A. ("Wells Fargo") is a Delaware corporation with its principal place of business in South Dakota, and is authorized to do business in the State of Illinois. Wells Fargo Bank, N.A. is a subsidiary of Wells Fargo & Co. Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A.

## BACKGROUND

6.   On or about July 28, 2008, Debtors obtained a loan ("subject debt") from Wells Fargo to fund the purchase of the property located at 4212 Gregory Drive, Zion, Illinois 60099 ("subject property"). Debtors granted Wells Fargo a mortgage on the subject property to secure the subject debt.

7.   On August 1, 2012, Debtors defaulted on the subject debt.

8.   On February 7, 2013. Debtors filed for relief under Chapter 13 of Title 11 of The United States Code, case number 13-04673. *See* attached Exhibit A, a true and correct copy of the Notice of Bankruptcy Filing.

9.   Wells Fargo was duly disclosed on Schedule D of Debtors' bankruptcy petition as a secured creditor on account of its mortgage on the subject property. *See* attached Exhibit B, a true and correct copy of  Schedule D of Debtors' bankruptcy petition.

10. Also on February 7, 2013, Debtors filed their Chapter 13 Plan with the Bankruptcy Court. *See* attached Exhibit C, a true and correct copy of Debtors' Chapter 13 Plan filed with the Bankruptcy Court.

11. Debtors' Original Chapter 13 Plan contained language in Paragraph G of the Plan that stated: "1. Debtors are surrendering the real property located at 4212 Gregory Dr., Zion, IL 60099 to Wells Fargo Home Mortgage, in full satisfaction of its claims." *Id.*

12. On February 10, 2013, and as a direct result of Wells Fargo being listed as a creditor, the Bankruptcy Noticing Center ("BNC") served Wells Fargo with the Certificate of Notice of the Meeting of Creditors. *See* attached Exhibit D, a true and correct copy of the BNC's Certificate of Notice of Meeting of Creditors establishing service of the Notice of Bankruptcy Filing upon Wells Fargo.

13. On February 15, 2013, Wells Fargo filed its appearance in the Debtors' bankruptcy case through its counsel. *See* Docket Entry 12.

14. On July 13, 2015, the Debtors modified their Chapter 13 Plan. *See* attached Exhibit E, a true and correct copy of Debtors' Chapter 13 Modified Plan filed with the Bankruptcy Court.

15. Debtors' Modified Chapter 13 Plan contained language in Paragraph G of the Plan that stated: "1. Debtors are surrendering the real property located at 4212 Gregory Dr., Zion, IL 60099 to Wells Fargo Home Mortgage, in full satisfaction of its secured claim." *Id.*

16. On July 17, 2013, the BNC served Wells Fargo with Debtors' Modified Chapter 13 Plan. *Id.*

17. Wells Fargo did not object to its treatment in Debtors' Modified Plan.

18. Consequently, Debtors' Modified Chapter 13 Plan was confirmed by the Honorable Judge Timothy A. Barnes on July 15, 2013. *See* attached Exhibit F, a true and correct copy of the Confirmation Order entered by the Honorable Judge Timothy A. Barnes.

19. Debtors fully performed their duties as set forth in their Confirmed Chapter 13 Plan.

20. At no time did Wells Fargo file a proof of claim regarding the subject debt. *See* attached

Exhibit G, a true and correct copy of the Bankruptcy Court Claims Register.

### WELLS FARGO'S UNLAWFUL COLLECTION EFFORTS

21. On January 16, 2014, Wells Fargo sent Debtors a statement demanding $24,615.49,

which included a payment coupon. *See* attached Exhibit H, a true and correct copy of the January

16, 2014 Wells Fargo statement.

22. On February 27, 2014, the Bankruptcy Court entered an Order of Discharge in Debtors'

case.  *See* attached Exhibit I, a true and correct copy of the Order of Discharge.

23. The BNC served Wells Fargo with the Discharge Order. *Id.*

24. On March 17, 2014, Wells Fargo sent Debtors a statement demanding $27,502.05, which

included a payment coupon. *See* attached Exhibit J, a true and correct copy of the March 17,

2014 Wells Fargo statement.

25. On May 14, 2014, Wells Fargo sent Debtors a "Streamline Modification Trial Letter,"

advising them to, "Make 3 trial payments to modify your mortgage," and requested immediate

payment in the amount of $1,119.91. *See* attached Exhibit K, a true and correct copy of the May

14, 2014 Wells Fargo statement.

26. On May 28, 2014, Wells Fargo sent Debtors a notice that they were, "eligible for the

HARP refinance program that expires soon...This is a huge opportunity to lower your rate and

payment and lower your term and save you thousands in interest." *See* attached Exhibit L, a true

and correct copy of the May 28, 2014 Wells Fargo letter.

27. In May 2014, Wells Fargo sent Debtors a notice stating that their monthly payment has

increased. *See* attached Exhibit M, a true and correct copy of the May 2014 notice.

28. On July 16, 2014, Wells Fargo sent Debtors a letter denying the Debtors a loan modification that they had never applied for. *See* attached Exhibit N, a true and correct copy of July 16, 2014 letter.

29. Also on July 16, 2014, Wells Fargo sent Debtors a statement that they were behind on their mortgage, which included a payment coupon, and "past due account status" rider stating that Debtors were "714 days delinquent on [their] account," and owed $33,053.81. The statement did not contain any express disclosure that the Debtors were not obligated to pay the debt due to their bankruptcy. *See* attached Exhibit O, a true and correct copy of the July 16, 2014 Wells Fargo statement.

30. On July 21, 2014, Wells Fargo sent Debtors a notice of their options to avoid foreclosure and requested a call back. *See* attached Exhibit P, a true and correct copy of the July 21, 2014 letter.

31. On July 22, 2014, Wells Fargo sent Debtors a mortgage assistance notice stating, "Please understand that, at this time, [Wells Fargo] is not able to help you find a mortgage assistance solution." The notice further stated that "the collection process will resume if appropriate" and advised the Debtors they will be receiving calls and notices form Wells Fargo's collections department. *See* attached Exhibit Q, a true and correct copy of the July 22, 2014 letter.

32. On September 16, 2014, Wells Fargo sent Debtors a statement that they were behind on their mortgage, which included a payment coupon, and "past due account status" rider stating that Debtors were "776 days delinquent on [their] account," and owed $35,938.31. The statement did not contain any express disclosure that the Debtors were not obligated to pay the debt due to their bankruptcy. *See* attached Exhibit R, a true and correct copy of the September 16, 2014 Wells Fargo statement.

5

33. On October 16, 2014, Wells Fargo sent Debtors a statement that they were behind on their mortgage, which included a payment coupon, and "past due account status" rider stating that Debtors were "806 days delinquent on [their] account," and owed $37,380.56. The statement did not contain any express disclosure that the Debtors were not obligated to pay the debt due to their bankruptcy. *See* attached Exhibit S, a true and correct copy of the October 16, 2014 Wells Fargo statement.

34. On November 17, 2014, Wells Fargo sent Debtors a statement that they were behind on their mortgage, which included a payment coupon, and "past due account status" rider stating that Debtors were "838 days delinquent on [their] account," and owed $38,822.74. The statement did not contain any express disclosure that the Debtors were not obligated to pay the debt due to their bankruptcy. *See* attached Exhibit T, a true and correct copy of the November 17, 2014 Wells Fargo statement.

35. On December 11, 2014, Wells Fargo sent Debtors a "Streamline Modification Trial Letter, advising them to, "Make 3 trial payments to modify your mortgage," and requested immediate payment in the amount of $1,226.69 to cure the default. *See* attached Exhibit U, a true and correct copy of the December 11, 2014 letter.

36. On December 16, 2014, Wells Fargo sent Debtors a statement that they were behind on their mortgage, which included a payment coupon, and "past due account status" rider stating that Debtors were "867 days delinquent on [their] account," and owed 40,264.99. The statement did not contain any express disclosure that the Debtors were not obligated to pay the debt due to their bankruptcy. *See* attached Exhibit V, a true and correct copy of the December 16, 2014 Wells Fargo statement.

37. On January 16, 2015, Wells Fargo sent Debtors a statement that they were behind on their mortgage, which included a payment coupon, and "past due account status" rider stating that Debtors were "898 days delinquent on [their] account," and owed $41,707.24. The statement did not contain any express disclosure that the Debtors were not obligated to pay the debt due to their bankruptcy. *See* attached Exhibit W, a true and correct copy of the January 16, 2015 Wells Fargo statement.

38. On February 11, 2015, Wells Fargo sent Debtors a letter requesting a call immediately to apply for mortgage assistance. *See* attached Exhibit X, a true and correct copy of the February 11, 2015 Wells Fargo statement.

39. On February 17, 2015, Wells Fargo sent Debtors a statement that they were behind on their mortgage, which included a payment coupon, and "past due account status" rider stating that Debtors were "930 days delinquent on [their] account," and owed $43,149.49. The statement did not contain any express disclosure that the Debtors were not obligated to pay the debt due to their bankruptcy. *See* attached Exhibit Y, a true and correct copy of the February 17, 2015 Wells Fargo statement.

**Phone Calls From Wells Fargo**

40. On April 1, 2014 at 7:07 p.m., Jennifer Rogers from Wells Fargo contacted Debtors attempting to collect on the subject debt.

41. On April 29, 2014 at 10:48 a.m., Jennifer Rogers from Wells Fargo contacted Debtors attempting to collect on the subject debt.

42. On May 20, 2014 at 12:27 p.m., Jennifer Rogers from Wells Fargo contacted Debtors attempting to collect on the subject debt.

43. On May 21, 2014 at 11:49 a.m., Jennifer Rogers from Wells Fargo contacted Debtors attempting to collect on the subject debt.

44. On May 26, 2014 at 11:04 a.m., Jennifer Rogers from Wells Fargo contacted Debtors attempting to collect on the subject debt.

45. On June 4, 2014 at 11:18 a.m., Jennifer Rogers from Wells Fargo contacted Debtors attempting to collect on the subject debt.

46. On June 9, 2014 at 10:24.a.m., Jennifer Rogers from Wells Fargo contacted Debtors attempting to collect on the subject debt.

47. On June 20, 2014 at 10:29 a.m., Jennifer Rogers from Wells Fargo contacted Debtors attempting to collect on the subject debt.

48. On December 21, 2014 at 11:21 a.m., Jennifer Rogers from Wells Fargo contacted Debtors attempting to collect on the subject debt.

49. On December 23, 2014 at 11:21 a.m., Jennifer Rogers from Wells Fargo contacted Debtors attempting to collect on the subject debt.

50. On December 24, 2014 at 11:21 a.m., Jennifer Rogers from Wells Fargo contacted Debtors attempting to collect on the subject debt.

51. On December 31, 2014 at 2:16 p.m., Jennifer Rogers from Wells Fargo contacted Debtors attempting to collect on the subject debt.

52. On January 6, 2015 at 4:19 p.m., Jennifer Rogers from Wells Fargo contacted Debtors attempting to collect on the subject debt.

53. On January 9, 2015 at 10:29 a.m., Jennifer Rogers from Wells Fargo contacted Debtors attempting to collect on the subject debt.

54. On January 14, 2015 at 10:32 a.m., Jennifer Rogers from Wells Fargo contacted Debtors attempting to collect on the subject debt.

55. On January 18, 2015 at 1:34 p.m., Jennifer Rogers from Wells Fargo contacted Debtors attempting to collect on the subject debt.

56. On January 19, 2015 at 6:22 p.m., Jennifer Rogers from Wells Fargo contacted Debtors attempting to collect on the subject debt.

57. On January 22, 2015 at 7:54 p.m., Jennifer Rogers from Wells Fargo contacted Debtors attempting to collect on the subject debt.

58. On January 28, 2015 at 10:36 a.m., Jennifer Rogers from Wells Fargo contacted Debtors attempting to collect on the subject debt.

59. On January 30, 2015 at 10:42 a.m., Jennifer Rogers from Wells Fargo contacted Debtors attempting to collect on the subject debt.

60. Concerned over these violations of their rights and protections afforded by their Chapter 13 discharge, Debtors sought the assistance of counsel to enforce their discharge and to compel Wells Fargo to cease its collection efforts.

61. Debtors have expended numerous hours consulting with their attorneys as a result of Wells Fargo's collection actions.

62. Debtors were unduly inconvenienced and harassed by Wells Fargo's unlawful attempts to collect a debt that was not owed at the time of demand.

63. Debtors suffered emotional distress as a direct consequence of Wells Fargo's unlawful collection practices.

**LEGAL STANDARD**

64.  The principal purpose of the Bankruptcy Code is to grant a 'fresh start' to the 'honest but unfortunate Debtors.'" *Marrama v. Citizens Bank of Mass.,* 549 U.S. 365, 367, 127 S.Ct. 1105, 1107, 166 L.Ed.2d 956 (2007).

65.  Pursuant to 11 U.S.C. § 524(a)(2), a discharge order "operates as an injunction" against acts to collect discharged debts.

66. "Section 524(a)(2) enjoins an act to collect a discharged debt, so a creditor that attempts to collect a discharged debt is in contempt of the bankruptcy court that issued the order of discharge." *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 915 (7th Cir. 2001).

67. "The automatic stay and discharge injunction are cornerstones of bankruptcy law.  They are, respectively, a fundamental debtors protection and a fundamental Debtors objective. The automatic stay assists debtors in regaining their financial footing by allowing them to do so free from collection efforts. And, having successfully completed the bankruptcy process, discharge provides debtors with a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt. But the automatic stay and discharge injunction must be enforced to provide any meaningful protection or incentive." *In re Curtis*, 322 B.R. 470, 483 (Bankr.D Mass.2005).

68. Punitive damages are awarded in response to particularly egregious conduct for both punitive and deterrent purposes. Such awards are reserved for cases in which the defendant's conduct amounts to something more than a bare violation justifying compensatory damages or injunctive relief. To recover punitive damages, the defendant must have acted with actual knowledge that he was violating the federally protected right or with reckless disregard of whether he was doing so. *In re Wagner*, 74 B.R. 898, 903-904 (Bankr.E.D.Pa.1987).

69.  Punitive damages are especially appropriate when a party has acted in "arrogant defiance" of the Bankruptcy Code. *In re Medlin*, 201 B.R. 188, 194 (Bankr.E.D.Tenn.1996).

70.  In determining if punitive damages are appropriate, the court has looked to (1) the nature of the creditor's conduct; (2) the creditor's ability to pay damages; (3) the motive of the creditor; (4) any provocation by the Debtors; as well as (5) the creditor's sophistication and knowledge of bankruptcy law and procedure. *In re Sumpter*, 171 B.R. 835, 845 (Bankr.N.D.Ill.1994).

## ARGUMENT

71.  The discharge order was issued on February 27, 2014 pursuant to 11 U.S.C. § 1328 effectively discharging Debtors' personal liability on the subject debt.

72. There is no question that Wells Fargo had notice of Debtors' bankruptcy and subsequent discharge as it participated in the bankruptcy case when it filed its appearance through its counsel.

73.  Despite having notice and actual knowledge of the Debtors' discharge, Wells Fargo initiated a merciless harassment campaign to collect a discharged debt through written and oral demands for payment.

74. The letters and phones calls to Debtors were designed to induce Debtors into paying a debt that was no longer collectible by virtue of the Discharge Injunction.

75. The letters presented Debtors with an undue sense of urgency to pay the debt when no action from Debtors was required.

76. Wells Fargo's conduct violates the discharge injunction pursuant to 11 U.S.C. § 524(a)(2) and constitutes civil contempt of Bankruptcy Court orders.

77. The Debtors were confused and harassed by Wells Fargo's collection efforts as it led them to believe that they still owed the subject debt despite their discharge.

78. In addition to enduring the stress and anxiety caused by Wells Fargo's collection attempts, Debtors were forced to retain counsel as a result of Wells Fargo's willful violations of the discharge order.

79. All actions occurred after Debtors' bankruptcy filing and after Wells Fargo had actual notice of the bankruptcy filing.

80.  Wells Fargo's actions in collecting the subject debt were deliberate, unlawful, and egregious in nature.

81. Wells Fargo disregarded the procedures set forth in the Bankruptcy Code which it is mandated to comply with.

82. Wells Fargo failed to cease collection efforts as mandated by the discharge order despite receiving notice of Debtors' bankruptcy on numerous occasions, leaving Debtors no alternative other than to seek judicial enforcement of the discharge order.

83. The onus of compliance with the procedures and protections afforded by the Bankruptcy Code is on the highly sophisticated creditor.

84. Wells Fargo, as a highly sophisticated and experienced creditor, should have implemented procedures and trained its employees to discourage and prevent willful violations of the discharge order. However, the egregious conduct by Wells Fargo, at Debtors' expense, establishes otherwise.

85. Upon information and belief, Wells Fargo regularly and systematically engages in collection activity in direct violation of the discharge order.

86. This pattern and practice of routinely violating the discharge order in disregard of the Bankruptcy Code demonstrates egregious behavior in arrogant defiance of Federal Law.

12

PUNITIVE DAMAGES

87. Wells Fargo's actions are egregious given the frequency and regularity of its willful

violations of the discharge order.

88. Wells Fargo's actions represent a brazen disregard of both the letter and the intent of the

Bankruptcy Code.

89. Debtors expended numerous hours consulting with their attorneys as a result of Wells

Fargo's actions.

90. Wells Fargo actively sought to collect the discharged debt, which is a blatant violation of

the discharge order.

91. To protect its authority, and to give Debtors the relief that Congress contemplated, this

Honorable Court should act promptly and firmly to stop conduct that violates 11 U.S.C. § 524.

92. In order to protect the spirit of the discharge order as contemplated by Congress, this

Court must impose civil contempt sanctions against Wells Fargo for its brazen disregard of this

Court's orders, including actual damages, punitive damages, costs, and fees.

93. The Court should award punitive damages to deter Wells Fargo from future misconduct.

**WHEREFORE,** Dennis and Donna Klein, having set forth their claims for relief against Wells

Fargo, respectfully pray of the Court as follows:

a. That this Honorable Court enter an order directing Wells Fargo to pay a sum of
$25,000.00 to Debtors for actual damages for violations of 11 U.S.C. § 524;

b. That this Honorable Court enter an order directing Wells Fargo to pay a sum of
$75,000.00 to Debtors for punitive damages for violations of 11 U.S.C. § 524;

c. That this Honorable Court enter an order directing Wells Fargo to pay a sum
determined by the Court to Debtors for all reasonable legal fees and expenses
incurred by their attorneys for violations of 11 U.S.C. § 524; and

    d.      That Debtors be provided such other and further relief as the Court may deem just

and proper.

Dated: April 6, 2015                               Respectfully Submitted,

                                          /s/ Mohammed O. Badwan
                                        Mohammed O. Badwan, Esq.
                                        Mara A. Baltabols, Esq.
                                        *Counsel for Debtors*
                                        Sulaiman Law Group, Ltd.
                                        900 Jorie Blvd, Ste 150
                                        Oak Brook, IL 60523
                                        Phone: (630) 575-8181
                                        Fax: (630) 575-8188